Tye Harmon, Esq. – State Bar #11885
**HARMON, BARNETT & MORRIS, PC**
119 S. Main St.
Clovis, New Mexico 88101
(575) 763-0077
(575) 742-0077 FAX
tharmon@hbmlaw.org

Jonathan V. O'Steen, Esq. – Pro Hac Vice Pending
Lincoln Combs, Esq. – State Bar #153434
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
(602) 252-8888
(602) 274-1209 FAX
josteen@vanosteen.com
lcombs@vanosteen.com
**Attorneys for Plaintiffs**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Margarita Chavez, an individual, Dustin Potter, an individual, | NO. |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| JBS Tolleson, Inc., an Arizona corporation, JBS USA Food Company, a Delaware corporation, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiffs, by and through their attorneys undersigned, and for their claims against the Defendants, allege as follows:

## PARTIES

1. Plaintiff Margarita Chavez resides and is domiciled in Clovis, Curry County, New Mexico. Plaintiff is a citizen of the State of New Mexico.

2. Plaintiff Dustin Potter resides and is domiciled in Clovis, Curry County, New Mexico. Plaintiff is a citizen of the State of New Mexico.

3. Defendant JBS Tolleson, Inc., is a corporation incorporated in and existing under the laws of the State of Arizona with its principal office located in Phoenix, Arizona. At all material times, JBS Tolleson, Inc. was in the business of manufacturing and selling food products, including, without limitation, the manufacture and subsequent sale of ground beef products. At all material times, Defendant JBS Tolleson, Inc. engaged in substantial, continuous and systematic contacts within the State of New Mexico, and purposefully directed its activities to New Mexico, including the placement of its goods into the stream of commerce with the intent and expectation they would be purchased by consumers in New Mexico.

4. Defendant JBS USA Food Company is a corporation incorporated in and organized under the laws of the State of Delaware with its principal place of business located in Littleton, Colorado. At all material times, Defendant JBS USA Food Company was in the business of manufacturing and selling food products, including, without limitation, the manufacture and subsequent sale of ground beef products. At all material times, Defendant JBS USA Food Company engaged in substantial, continuous and systematic contacts within

the State of New Mexico, and purposefully directed its activities to New Mexico, including the placement of its goods into the stream of commerce with the intent and expectation they would be purchased by consumers in New Mexico.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000.00, exclusive of costs, it is between citizens of different states, and because the Defendant has certain minimum contacts with the State of New Mexico such that maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice.

6. Venue in the United States District Court for the District of New Mexico is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

### The 2018 JBS Salmonella Newport Outbreak

7. In fall of 2018, CDC, public health and regulatory officials in several states, and the U.S. Department of Agriculture's Food Safety and Inspection Service (USDA-FSIS) investigated a multistate outbreak of *Salmonella* Newport infections. Public health investigators used the PulseNet system to identify illnesses that may have been part of this outbreak.

8. DNA fingerprinting was performed on *Salmonella* bacteria isolated from ill people by using techniques called pulsed-field gel electrophoresis (PFGE) and whole genome sequencing (WGS). CDC PulseNet manages a national database of these DNA fingerprints to identify possible outbreaks. WGS gives a more detailed DNA fingerprint than PFGE. WGS performed on bacteria isolated from ill people showed that they were closely relatedly genetically. This means that people in this outbreak were more likely to share a common source of infection.

9. As of March 21, 2019, 403 people infected with the outbreak strain of *Salmonella* Newport were reported from 30 states. Illnesses started on dates ranging from August 5, 2018 to February 8, 2019. Ill people ranged in age from less than one year to 99, with a median age of 42. Forty-nine percent were male. Of 340 people with information available, 117 (34%) were hospitalized. No deaths were reported.

10. State and local health departments asked ill people questions about the foods they ate and other exposures in the week before they became ill. Of 277 people interviewed, 237 (86%) reported eating ground beef at home. This percentage is significantly higher than results from a survey of healthy people in which 40% of respondents reported eating any ground beef at home in the week before they were interviewed. Also, several unrelated ill people ate ground beef at the same events or purchased ground beef at the same grocery

store chains, suggesting that the contaminated food item was served or sold at those locations.

11. Officials in Arizona and Nevada collected opened and unopened packages of ground beef from ill people's homes. Officials also collected unopened packages of ground beef from retail locations. The outbreak strain of *Salmonella* Newport was identified in the ground beef. Whole genome sequencing showed that the *Salmonella* identified in the ground beef was closely related genetically to the *Salmonella* in samples from ill people. USDA-FSIS and state partners traced the source of the ground beef eaten by ill people in this outbreak to JBS Tolleson, Inc.

12. On October 4, 2018, JBS Tolleson, Inc. recalled approximately 6.5 million pounds of beef products that may be contaminated with *Salmonella* Newport. On December 4, 2018, JBS Tolleson, Inc. recalled an additional 5.2 million pounds of beef products.

13. The Tolleson facility, in operation for about 45 years, processes meat under various brands including 5 Star Beef, Cedar River Farms, Showcase, La Herencia, Four Star, and Clear River. A July 2017 notice from the USDA's Food Safety and Inspection Service accused the Tolleson facility's president of enabling "egregious" and "inhumane" practices with livestock. Officials found two "mentally incoherent" cows laying on their side and "moaning as if in pain." The inspector asked for the cows to be euthanized but one died in its pen before it could be put down. According to an October 2017 agency

document, the USDA inspectors deferred action against JBS Tolleson and gave them a chance to implement a proposed action plan.

14. The 2018 recall announcement came more than a year after the U.S. Department of Agriculture sent the enforcement notice to the company's president and months after one of the company's plants in North Carolina recalled 35,000 pounds of raw ground beef.

### *Salmonella* Infections

15. Salmonella is an enteric bacterium, which means that it lives in the intestinal tracts of humans and other animals. Salmonella bacteria are usually transmitted to humans by eating foods contaminated with human or animal feces. Contaminated foods usually look and smell normal. Contaminated foods are often of animal origin, but all foods, including vegetables, may become contaminated. An infected food handler who neglects to wash his or her hands with soap and warm water after using the bathroom may also contaminate food.

16. Once in the lumen of the small intestine, the bacteria penetrate the epithelium, multiply, and enter the blood within 24-72 hours. As few as 15-20 cells of Salmonella bacteria can cause salmonellosis or a more serious typhoid-like fever. Variables, such as the health and age of the host and virulence differences among the serotypes, affect the nature and extent of the illness. Infants, elderly, hospitalized, and immune suppressed persons are the

populations that are most susceptible to disease and suffer the most severe symptoms.

17. The acute symptoms of Salmonella gastroenteritis include the sudden onset of nausea, abdominal cramping, and diarrhea lasting several days. The diarrhea often turns bloody. There is no real cure for Salmonella infection, except treatment of the symptoms. Persons with severe diarrhea may require rehydration, often with intravenous fluids.

18. Persons with diarrhea usually recover completely, although it may be several months before bowel habits return entirely to normal. A small number of persons who are infected with Salmonella will go on to develop pains in their joints, irritation of the eyes, and painful urination. This development is called Reiter's syndrome or reactive arthritis, and it can last for months or years, sometimes leading to chronic arthritis that is difficult to treat. Antibiotic treatment does not make a difference in whether the person later develops arthritis.

### Plaintiff Margarita Chavez's Injuries

19. Plaintiff Margarita Chavez purchased ground beef manufactured by Defendants from the Walmart located at 3728 N. Prince St. in Clovis, New Mexico on September 2, 2018.

20. Plaintiff Margarita Chavez consumed this ground beef for breakfast the following day, September 3, 2018.

21. The following Saturday, September 9, 2018, Plaintiff Margarita Chavez experienced the onset of her *Salmonella* infection when she started to feel queasy. By the next day, she had developed severe abdominal pain, diarrhea, fever, and vomiting.

22. Plaintiff Margarita Chavez sought medical care that same day, September 10, 2018, at the ExpressCare in Clovis, New Mexico.

23. Given the severity of her condition, medical personnel at ExpressCare recommended Plaintiff Margarita Chavez go to the hospital. Plaintiff then went to Plains Regional Medical Center in Clovis, New Mexico.

24. Plaintiff Margarita Chavez remained hospitalized until September 17, 2018. While in the hospital, Plaintiff's stool tested positive for *Salmonella*.

25. Further confirmatory testing at the New Mexico Scientific Laboratory Division indicated that Plaintiff Margarita Chavez was a confirmed case in the 2018 *Salmonella* Newport outbreak linked to JBS Tolleson ground beef (Outbreak code: 1808MLJJP-2).

26. Once discharged from the hospital, Plaintiff Margarita Chavez continued to have follow-up appointments as she continued to recover from her *Salmonella* infection. Her symptoms continued well into October 2018.

### Plaintiff Dustin Potter's Injuries

27. Plaintiff Dustin Potter consumed some of the ground beef prepared by Plaintiff Margarita Chavez on September 3, 2018.

28. On or about September 14, 2018, Plaintiff Dustin Potter began experiencing abdominal pain, cramping, and fatigue.

29. He eventually developed bloody diarrhea and sought medical attention on September 26, 2018 at Plains Regional Hospital.

30. A stool sample collected while Plaintiff Dustin Potter was at the hospital tested positive for *Salmonella.*

31. Further testing at the New Mexico Scientific Laboratory Division indicated Plaintiff Dustin Potter was a confirmed case in the 2018 *Salmonella* Newport outbreak linked to JBS Tolleson ground beef.

32. Plaintiff Dustin Potter had a follow-up appointment after his hospital visit as he recovered from his *Salmonella* infection. He continued to have a sensitive stomach and acid reflux through January 2019 and still feels his digestive system has not returned to normal.

## CLAIM ONE
## STRICT LIABILITY

33. Plaintiffs reallege and incorporate each and every allegation contained in paragraphs 1 through 32, above, as though set forth fully herein.

34. Defendants manufactured and sold the adulterated food product, ground beef, that injured Plaintiff.

35. Defendants manufactured food products, and ground beef in particular, for sale to the public.

36. Ground beef that is contaminated with *Salmonella* is unsafe and thus defective when used in a reasonably foreseeable manner—*i.e.,* consuming it.

37. *Salmonella*-contaminated ground beef is unfit for human consumption, and poses an unreasonable risk of injury to consumers because reasonably prudent persons, having full knowledge of the risk, would find the risk unacceptable.

38. The ground beef that Plaintiffs purchased and consumed from Defendants was contaminated with *Salmonella* and was therefore, as a result, defective and unreasonably dangerous.

39. The ground beef Plaintiffs purchased and consumed was contaminated with *Salmonella* when it left the control of Defendants.

40. Plaintiffs' consumption of the contaminated ground beef caused them to become infected with *Salmonella* and suffer injury as a direct and proximate result.

41. Defendants are strictly liable to Plaintiffs for the harm proximately caused by the manufacture and sale of unsafe and defective ground beef.

## CLAIM TWO
## NEGLIGENCE AND NEGLIGENCE *PER SE*

42. Plaintiffs reallege and incorporates each and every allegation contained in paragraphs 1 through 42, above, as though set forth fully herein.

43. Defendants designed, manufactured, distributed, and sold ground beef that was contaminated with *Salmonella,* a harmful pathogen.

44. Defendants owed a duty to all persons who consumed their products, including Plaintiffs, to manufacture and sell ground beef that was safe to eat, that was

not adulterated with harmful pathogens, like *Salmonella*, and that were not in violation of applicable food and safety regulations.

45. Defendants breached the duties owed to the ultimate consumers of their ground beef products by committing the following acts and omissions of negligence:

    - Failure to adequately maintain or monitor the sanitary conditions of their products, premises, equipment and employees;

    - Failure to properly operate their facilities and equipment in a safe, clean, and sanitary manner;

    - Failure to apply their food safety policies and procedures to ensure the safety and sanitary conditions of their food products, premises, and employees;

    - Failure to apply food safety policies and procedures that met industry standards for the safe and sanitary production of food products, and the safety and sanitary condition of their premises and employees;

    - Failure to prevent the transmission of *Salmonella* to consumers of their ground beef;

    - Failure to properly train their employees and agents how to prevent the transmission of *Salmonella* on their premises, from their facilities or equipment, or in their food products;

    - Failure to properly supervise their employees and agents to prevent the transmission of *Salmonella* on their premises, from their facility or equipment, or in their food products.

46. Defendants had a duty to comply with all statutes, laws, regulations, or safety codes pertaining to the manufacture, distribution, storage, and sale of their ground beef, but failed to do so, and were therefore negligent. Plaintiffs were among the class of persons designed to be protected by these statutes, laws,

regulations, safety codes or provisions pertaining to the manufacture, distribution, storage, and sale of similar food products.

47. Defendants owed to all persons who consumed their ground beef a duty to maintain their premises in a sanitary and safe condition so that the ground beef they manufactured and sold would not be contaminated with a harmful pathogen, like *Salmonella*.

48. Defendants owed a duty to Plaintiffs to use reasonable care in the manufacture, distribution, and sale of their food products to prevent contamination with *Salmonella*. Defendants breached this duty.

49. Plaintiffs' injuries proximately and directly resulted from the negligence of Defendants, and from these Defendants' violations of statutes, laws, regulations, and safety codes pertaining to the manufacture, distribution, storage, and sale of food.

## CLAIM THREE
## BREACH OF WARRANTY

50. Plaintiffs reallege and incorporate each and every allegation contained in paragraphs 1 through 50, above, as though set forth fully herein.

51. By offering ground beef for sale to the general public, Defendants impliedly warranted that such ground beef was safe to eat, that it was not adulterated with a harmful pathogen, and that the ground beef had been safely prepared under sanitary conditions.

52. Defendant breached the implied warranties with regard to the ground beef they manufactured and sold to Plaintiffs.

53. Plaintiffs' injuries proximately and directly resulted from Defendants' breach of implied warranties, and Plaintiffs are thus entitled to recover for all actual, consequential, and incidental damages that flow directly and in a foreseeable fashion from these breaches.

## DAMAGES

54. Plaintiffs reallege and incorporate each and every allegation contained in paragraphs 1 through 53, above, as though set forth fully herein.

55. As the direct and proximate result of the Defendants' acts and omissions, Plaintiffs suffered and are entitled to recover compensation for damages including medical expenses both past and future, pain and suffering, disfigurement, the loss of enjoyment of his life, lost wages and lost earning capacity, loss of consortium damages and other damages as would be anticipated to arise under the circumstances, which shall be fully proven at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

1. That the Court award Plaintiffs judgment against Defendants to fully and fairly compensate Plaintiffs for all general, special, incidental, and consequential damages incurred, or to be incurred, by Plaintiff as the direct and proximate result of the acts and omissions of Defendants.

2. That the Court award all such other sums as shall be determined to fully and fairly compensate Plaintiffs for all general, special, incidental and

consequential damages incurred, or to be incurred, by Plaintiffs as the direct and proximate result of the acts and omissions of Defendants;

3. That the Court award Plaintiffs their costs, disbursements, and reasonable attorneys' fees incurred;

4. That the Court award Plaintiffs the opportunity to amend or modify the provisions of this Complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served;

5. That the Court award such other and further relief as it deems necessary and proper in the circumstances.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable with the maximum number of jurors permitted by law.

RESPECTFULLY SUBMITTED this 1st day of September 2021.

**HARMON, BARNETT & MORRIS, PC**

/s/ Tye Harmon
Tye Harmon
119 S. Main St.
Clovis, New Mexico 88101


**O'STEEN & HARRISON, PLC**
Jonathan V. O'Steen
Lincoln Combs

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

/s/ Tye Harmon

c:\sync\clients\cucumbers\ross\pleadings\complaint.doc